USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: ___
DATE FILED: 2/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PETER KRAVITZ,** *In his capacity as the Creditor Trustee of the Creditor Trust of Advance Watch Company, Ltd.,* **Plaintiff,** -against- **MARCELLO BINDA** and **SIMONE BINDA,** **Defendants.** | **1:17-cv-07461 (ALC)** **ORDER ADOPTING REPORT AND RECOMMENDATION** |

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Peter Kravitz ("Plaintiff"), filed suit against Defendants Marcello Binda and Simone Binda (collectively, the "Defendants"), alleging breach of fiduciary of duty (Count I) and waste (Count II). *See* Amend. Compl., ECF No 38. On March 11, 2019, Defendants filed a motion to dismiss. *See* Motion to Dismiss, ECF No. 43. Plaintiff then filed a motion to strike two declarations supporting Defendants' reply brief. *See* Motion to Strike, ECF No. 59. Subsequently, these motions were referred to Magistrate Judge Sarah Netburn. *See* Order of Reference, ECF No. 246.

On January 21, 2020, Judge Netburn filed a Report and Recommendation (the "Report"), granting Plaintiff's motion to strike and recommending Defendants' motion to dismiss be granted in part and denied in part. *See* Report, ECF No. 67. Concerning Defendants' motion, Judge Netburn specifically recommended denying the motion based on Federal Rule of Civil Procedure 12(b)(2), forum non conveniens grounds, and Rule 12(b)(6) to the extent Plaintiff's claims are based on acts occurring on or after September 29, 2009 and arise from a breach of the fiduciary duty owed to Advance Watch Company Ltd. ("Advance Watch") or GWG Liquidating Co. ("GWG"). However, Judge Netburn recommended granting Defendants' motion to dismiss

pursuant to Rule 12(b)(6) as to both Plaintiff's claims for breach of fiduciary duty based on acts occurring before September 29, 2009 or arising from a purported duty owed to parties other than Advance Watch or GWG and his commercial waste claim.

The Report notified the parties of the right to object within 14 days from service. *See id.* at 38-39. However, no objections were filed. Where, as here, no objections are filed, the Court reviews the Report for clear error. *See Patterson v. Rock*, 2012 WL 3245489, *1 (S.D.N.Y. Aug. 3, 2012); *see also Graves v. Correctional Medical Service*, 667 Fed.Appx. 18, 19 (2d Cir. 2016) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (In the Second Circuit, "failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

The Court finds no clear error in the record and adopts the well-reasoned conclusions in Judge Netburn's Report in its entirety. Accordingly, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

**Dated: February 26, 2020**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**